WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tiffany Potter,

　　　　　Plaintiff,

v.

Douglas A Collins,

　　　　　Defendant.

No. CV-24-00347-PHX-SHD

**ORDER**

Pending before the Court is Defendant the Secretary of the Department of Veteran Affairs' (the "Secretary") motion for summary judgment of Plaintiff Tiffany Potter's claims. (Doc. 41.)  For the following reasons, the Secretary's motion will be **granted**.

I.　　**FACTUAL BACKGROUND**

On June 16, 2015, Tiffany Potter filed an equal employment opportunity ("EEO") complaint with the Department of Veterans Affairs (the "Agency"), alleging that the Agency subjected her to discrimination and a hostile work environment on the bases of her race (black) and sex (female) in violation of Title VII of the Civil Rights Act of 1964. (*See* Doc. 40-4 at 2.)  She later amended her complaint to add claims alleging the Agency subjected her to discrimination and a hostile work environment in reprisal for prior protected EEO activity. (*See id.*)  Potter alleged she was subjected to ongoing harassment that included over 80 incidents. (*Id.*)  The Agency investigated her complaints and, at the conclusion of the investigation, provided Potter with a copy of the report of investigation and notice of her right to request a hearing before an Equal Employment Opportunity

Commission ("EEOC") Administrative Judge ("AJ").  (*Id.* at 3.)  On February 2, 2016, Potter timely requested a hearing.  (*Id.*; Doc. 40-1 at 17.)  On April 18, 2017, Potter filed a Motion to Amend her complaint to include a constructive discharge claim.  (Doc. 40-4 at 3.)

The AJ held a hearing over the course of five days in late December 2020 and early January 2021.  (*Id.* at 4.)  On May 10, 2021, the AJ issued a decision finding in favor of Potter, in part, and the Agency, in part.  (*See* Doc. 40-1 at 41–52.)  The AJ found that the Agency discriminated against Potter based on her race and sex, retaliated against her for engaging in protected EEO activity, and subjected her to a hostile work environment.  (*Id.*)  The AJ found that Potter's constructive discharge claim was not independently actionable because it was untimely, but noted that he considered it as part of the pattern of conduct and evidence supporting her claim for harassment/hostile work environment.  (*Id.* at 48.)  The AJ ordered the Agency to pay Potter $550 in past pecuniary compensatory damages, and $137,000 in non-pecuniary compensatory damages.  (*Id.* at 69–70.)  On July 21, 2021, the AJ issued an order awarding Potter $233,761.90 in attorneys' fees and $2,409.61 in costs, for a total of $236,171.51.  (Doc. 40-2 at 25.)

The Agency subsequently issued a final order adopting the AJ's decisions.  (Doc. 40-4 at 6.)  Potter appealed the Agency's final order to the EEOC's Office of Federal Operations ("OFO").  (*Id.* at 2.)  There, Potter challenged both the AJ's decision that her constructive discharge claim was not an independently actionable claim and the amount of the non-pecuniary compensation award.  (*Id.* at 6.)  The OFO denied her appeal and affirmed the AJ's ruling.  (*Id.* at 10.)  It held that the AJ did not abuse his discretion in declining to treat Potter's constructive discharge claim as an independent claim.  (*Id.* at 7, 8.)  The OFO also found that the AJ did not err in awarding $137,000 in non-pecuniary compensatory damages.  (*Id.* at 9.)

The OFO affirmed the relief awarded by the AJ and ordered the Agency to pay Potter back pay, $550 in pecuniary compensatory damages, $137,000 in non-pecuniary compensatory damages, $233,761.90 in attorney fees, and $2,409.61 in costs.  (*Id.* at 10–

11.)  The Agency calculated back pay to be $58,254.99, with additional tax calculations of $2,993.96.  (Doc. 54-1.)  The Agency paid Potter the monetary relief that the OFO affirmed.  (*See* Doc. 54-1; Doc. 55.)

Potter also pursued separate remedies through the federal Merit Systems Protection Board, which determined that Potter's claims lacked credibility and rejected them.  (*See generally* Doc. 40-3.)

On February 20, 2024, Potter filed this lawsuit against the Secretary, asserting four claims: (1) "Employment Discrimination of the Basis of Race and Sex—Constructive Discharge," (2) "Hostile Work Environment—Constructive Discharge," (3) "Employment Discrimination on the Basis of Reprisal—Constructive Discharge," and (4) "Employment Discrimination on the Basis of Race—Constructive Discharge."  (Doc. 1 at 14–21.)

On August 1, 2025, the Secretary filed its motion for summary judgment.  (Docs. 39, 41.)[1]  Potter responded on September 15, 2025, (Doc. 44), and the Secretary replied on January 12, 2026, (Doc. 52).  Potter requested oral argument on the motion.  (Doc. 44 at 8.)  The Court concludes that oral argument would not assist in resolving the issues presented.  *See* LRCiv 7.2(f).  Accordingly, the request for oral argument is denied.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Not all factual disputes are material or genuine, however: a "fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).  Courts "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference[s] in the nonmoving party's favor."  *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).  "Summary judgment is improper where divergent ultimate

---

[1]    The Secretary originally filed the motion for summary judgment on August 1, 2025. (Doc. 39.)  On August 4, 2025, it filed an amended motion to correct typographical errors. (Doc. 41.)  For purposes of this Order, the Court refers to the amended motion, (Doc. 41).

inferences may reasonably be drawn from the undisputed facts." *Fresno Motors*, 771 F.3d at 1125 (internal quotation marks omitted).

At summary judgment, there are shifting burdens of production. A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the "moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* There is no issue for resolution at trial unless enough evidence favors the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). At bottom, the Court's "inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255.

III.   DISCUSSION

Before initiating a Title VII action in district court based on employment discrimination by a federal agency, an employee must first exhaust her administrative remedies. *Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009). First, the employee must file a complaint with the agency that

allegedly discriminated against the individual.  29 C.F.R. § 1614.106(a).  The agency then must conduct an "investigation of the complaint within 180 days of the filing of the complaint."  29 C.F.R. § 1614.106(e)(2).  The complainant may request a hearing before an AJ, who will issue a decision.  29 C.F.R. § 1614.108(f).

After the AJ issues a decision, the agency must take final action by issuing a final order.  29 C.F.R. § 1614.110(a).  That order must inform the complainant whether the agency will fully implement the AJ's decision and must also notify the complainant of the right to appeal to the EEOC, the right to file a civil action in federal district court, and the applicable deadlines for doing so.  *Id.*  If dissatisfied with the AJ's decision, the complainant may either file a lawsuit or appeal to the EEOC.  *Id.*; *see also* 29 C.F.R. § 1614.402.

If the complainant appeals to the EEOC, the OFO reviews the record, may request additional submissions from the parties, and then issues a decision.  29 C.F.R. § 1614.404.  The OFO's decision constitutes a final agency action and triggers the complainant's right to file a civil action.  *See* 29 C.F.R. §§ 1614.404, 1614.407.  The parties do not dispute that Potter exhausted her administrative remedies in this case.

When a federal employee brings a civil action following final agency action, the law provides two discrete avenues.  A plaintiff must either (1) file an enforcement action, or (2) initiate a de novo action. *Carver v. Holder*, 606 F.3d 690, 696 (9th Cir. 2010); *see Thompson v. Donahoe*, 2013 WL 144271, at *3–4 (S.D. Cal. 2013) (applying *Carver* to a Title VII claim).  In an enforcement action, the court does not revisit liability or the remedies awarded; it only determines whether the agency has complied with the ordered relief.  *Carver*, 606 F.3d at 696.  By contrast, in a de novo action, the complainant places the entire administrative disposition at issue, challenging both the OFO's liability determination—that the agency engaged in discrimination—and the remedy awarded.  *Id.* A plaintiff may not selectively challenge only a portion of the administrative ruling while retaining favorable aspects.  *See id.*; *Melgozza v. Mayorkas*, 2022 WL 3369631, at *3 (C.D. Cal. 2022) (holding plaintiff barred from seeking partial review of administrative

damages); *Ellis v. England*, 432 F.3d 1321, 1323–25 (11th Cir. 2005) (rejecting "fragmentary de novo review" of EEOC decisions).

Here, the operative Complaint does not seek to enforce the OFO decision, nor does it plead a comprehensive de novo action placing the entirety of liability and remedies at issue. (*See generally* Doc. 1.) Rather, Potter's Complaint asserts four causes of action—race and sex discrimination, hostile work environment, reprisal, and race discrimination—each, expressly styled as and predicated upon "Constructive Discharge." (*See* Doc. 1 at 14–21.) The Complaint therefore seeks to relitigate only one issue: whether the Agency violated Title VII based on a constructive discharge theory. The Complaint does not raise any other independent claims of discrimination, retaliation, or hostile work environment, nor does it seek de novo review of the administrative findings as a whole.

The Agency has already paid Potter the monetary relief awarded in her favor at the administrative level. (*See* Doc. 54-1; Doc. 55.) Potter acknowledges as much, while asserting that the payment did not include relief for constructive discharge because that theory was rejected and therefore "unadjudicated." (Doc. 55 at 1.) That framing is unpersuasive. The constructive discharge theory was considered during the administrative proceedings and determined not to be independently actionable, and the OFO affirmed the final decision. Potter may not accept the monetary relief awarded on the claims resolved in her favor while selectively seeking to relitigate only the portion of the decision adverse to her. *See Thompson*, 2013 WL 144271, at *4. This is precisely the type of piecemeal litigation that the governing framework prohibits. *See Carver*, 606 F.3d at 696 (holding that a federal employee who files a civil action following an EEOC decision "must either accept the administrative disposition in its entirety"—including the OFO's determination that the agency's payment was sufficient—"or bring a de novo action in the district court").

Potter does not dispute that her Complaint is predicated solely on a theory of constructive discharge. (*See* Doc. 44 at 1, 3.) Rather, acknowledging that only two pathways exist for challenging a final EEOC decision, Potter asserts that she is now willing to proceed with a full de novo review of the EEOC's findings on liability and remedies.

(*Id.*)  For his part, the Secretary argues that it is too late for Potter to expand the scope of this litigation.  (Doc. 52 at 2–3.)  Specifically, the Secretary contends that discovery has closed, he retained experts in reliance on the constructive discharge claim, expert reports have already been disclosed to Potter, and dispositive motions have been filed.  (*Id.* at 3.)  In the Secretary's view, permitting an expansion of the claims under these circumstances would cause undue prejudice.  (*See id.* at 2–3.)  The Court agrees.

First, Potter cannot expand the scope of this action through summary-judgment briefing.  "It is well-settled that a plaintiff cannot raise a new claim for relief in response to a motion for summary judgment."  *Ruiz v. Magellan Financial & Insurance Services*, 2025 WL 1796275, at *9 (D. Ariz. 2025) (cleaned up); *Ortiz v. Lopez*, 688 F. Supp. 2d 1072, 1082 (E.D. Cal. 2010) (holding "a plaintiff cannot oppose summary judgment based on a new theory of liability," since doing so "would essentially blind side the defendant with a new legal issue after the bulk of discovery has likely been completed").  Courts routinely reject efforts to enlarge or alter the claims at issue through opposition papers.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (holding district court properly excluded new allegations raised only in summary-judgment filings); *Ward v. Clark County*, 285 F. App'x 412, 412–13 (9th Cir. 2008) (holding plaintiff could not base her retaliation claim on an incident not mentioned in the complaint).  These rules ensure that defendants have fair notice of the claims asserted and are not forced to defend new theories raised for the first time at summary judgment.

Second, Potter has not moved to amend her Complaint.  Even if she had, amendment at this stage would be improper.  To amend the scheduling order deadline, a plaintiff must show "good cause".  *See* Fed. R. Civ. P. 16(b)(4).  Where, as here, the deadline to amend has already expired, the plaintiff must also demonstrate the higher "excusable neglect" standard.  Fed. R. Civ. P. 6(b)(1)(B).[2]  Potter cannot satisfy either standard.  She has known the facts and legal theory underlying her claims since the inception of this action and offers

---

[2]  The Court's Scheduling Order required that any motion to amend the pleadings be filed no later than September 12, 2024.  (Doc. 18 at 1.)  Potter did not seek amendment by that deadline.

no reason for the delay. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." (citations omitted)).

Moreover, "even under the liberal Rule 15 standard 'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). Permitting Potter to broaden this action now to encompass de novo review of the underlying discrimination, retaliation, and hostile work environment claims would materially alter the scope of the case and substantially prejudice the Secretary. Those claims are governed by distinct legal standards and require different elements of proof and evidentiary showings than a constructive discharge claim. Discovery has closed, dispositive motions have been filed, and the case has proceeded on the understanding that constructive discharge was the sole theory at issue. Reopening the case to litigate all theories at issue in the EEOC decision would necessitate additional discovery, revised expert analysis, and a restructured defense strategy, resulting in significant cost and delay. *See Coleman*, 232 F.3d at 1295 ("A need to reopen discovery . . . supports a district court's finding of prejudice from a delayed motion to amend the complaint." (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Such a late-stage transformation of the litigation absent a properly sought and justified amendment is not permitted. *See e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990) (upholding denial of leave to amend on the basis of dilatoriness and prejudice where plaintiffs attempted to introduce new legal theory well into the litigation); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial of leave to amend where amendment would prejudice the opposing party and disrupt the orderly course of the litigation).

Because Potter's complaint sought neither enforcement nor de novo review, her selective challenge to the administrative ruling is foreclosed as a matter of law. *See Carver*, 606 F.3d at 696. There being no genuine dispute of material fact, the Secretary is entitled to summary judgment.[3]

**IT IS ORDERED** that the Secretary's motion for summary judgment (Doc. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 27th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[3] The Secretary broadly asserts that, by filing suit, Potter has automatically invalidated the administrative award in its entirety. (Doc. 41 at 1.) Although the Court is skeptical of the government's position, that issue is not presently before the Court, and the Court will not reach it.